**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

BARNEY L. BURRELL             CIVIL ACTION NO. 20-0317

VERSUS                              JUDGE SUMMERHAYS

U.S. COMM'R S.S.A.            MAGISTRATE JUDGE WHITEHURST

## **REPORT AND RECOMMENDATION**

Before the Court is an appeal of the Commissioner's finding of non-disability.

On June 1, 2022, the Clerk of Court issued a Notice of Intent to Dismiss the case for failure of the appellant to effect service within 90 days [Doc. 5]. On June 15, 2022, the appellant filed a motion for extension of time to hire an attorney and effect service [Doc. 6]. The undersigned granted this motion on June 17, 2022 [Doc. 7], and the appellant was given until July 18, 2022, to effect service on the defendant.

On July 18, 2022, the appellate filed another Motion for Extension of Time to hire an attorney and effect service [Doc. 8], which was granted by the undersigned on July 19, 2022 [Doc. 9]. The appellant was granted an extension to August 19, 2022, to effect service and was expressly cautioned that additional extensions would not be granted, and that this matter was subject to dismissal for failure to prosecute if service was not effected on the defendant by the new deadline.

To date, the appellant has failed to effect service on the defendant. Rule 41(b) of the Federal Rules of Civil Procedure states:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41. *See also Bryson v. U.S.*, 553 F.3d 402, 402 (5th Cir. 2008) (. . . Rule 41(b) dismissal is appropriate where there is a "clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice."), *citing Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir.1985).

Considering the foregoing,

**IT IS THE RECOMMENDATION** of the undersigned that this matter be DENIED AND DISMISSED WITH PREJUDICE for failure of the appellant to effect service on the defendant within the delays allowed and for failure to comply with two court orders.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 5th day of October, 2022.

_____
Carol B. Whitehurst
United States Magistrate Judge